UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY RYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-01387-TWP-TAB |
| ) | |
| CENTER TOWNSHIP CONSTABLE'S OFFICE, ) | |
| and MARK A. DUNCAN, Individually and in his ) | |
| official capacity as Center Township Constable, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS**

This matter is before the Court on a Partial Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants Mark Duncan ("Duncan") and the Center Township Constable's Office (collectively, "the Defendants"). (Filing No. 22.) Following termination of his employment with the Center Township Constable's Office, Plaintiff Bradley Ryan ("Ryan") filed an Amended Complaint alleging violation of his Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment, as well as state law claims for false arrest, malicious prosecution, defamation, negligence, wrongful termination, and intentional infliction of emotional distress. (Filing No. 15.) The Defendants moved to dismiss the state law claims for failure to state a claim upon which relief can be granted (Filing No. 22). In response to the Motion, Ryan voluntarily withdrew his malicious prosecution and intentional infliction of emotional distress claims (Filing No. 31 at 9). Therefore, the Partial Motion to Dismiss applies only to the remaining state law claims. For the following reasons, the Court **GRANTS** the Partial Motion to Dismiss.

## I.  BACKGROUND

Ryan is a resident of Marion County, Indiana.  In September 2014, Ryan began his part-time employment as a Deputy Constable with the Center Township Constable's Office.  Ryan's duty was to perform body attachments.  As a Deputy Constable he had full police power.  (Filing No. 15 at 2, ¶16.)  In addition to his employment as a Deputy Constable, Ryan was also a private security officer at a Walmart store in Marion County.

In the spring of 2015, the Marion County Sheriff's Department ("MCSD") began investigating Ryan for allegedly impersonating a police officer.  *Id*. at 3, ¶18.  During the MCSD investigation, they contacted Duncan, the elected Constable at the Center Township Constable's Office.  Duncan told the MCSD that Ryan was not an employee at the Center Township Constable's Office, and that Ryan did not have police powers.  *Id*. at 3, ¶19.

On June 2, 2015, while working at Walmart, MCSD deputies detained Ryan.  Ryan showed the deputies his police credentials that identified him as a Center Township Deputy Constable and was signed by Duncan.  After two hours of detention in Walmart's parking lot, Ryan was released and no charges were filed against him.  The following day, on June 3, 2015, Ryan was informed by his supervisor, Phil Suiters, that as a result of the previous night's incident, Duncan terminated his employment with the Center Township Constable's Office.  *Id*. at 3, ¶24.  Thereafter, Ryan filed this action alleging that he has been damaged by the loss of his employment, including the part-time employment for which he had been eligible with his police credentials.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the

light most favorable to the plaintiff, accepts all factual allegations as true, and draws all reasonable inferences in favor of the plaintiff.  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).  However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact."  *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  At a minimum, the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests; and the factual allegations must raise a right to relief above the speculative level.  *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009); *Tamayo*, 526 F.3d at 1081, 1083.  While a complaint need not include detailed factual allegations, a plaintiff has the obligation to provide the factual grounds supporting his entitlement to relief; and neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted).  To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Dismissal is appropriate "when a party has included in its complaint 'facts that establish an impenetrable defense to its claims.'"  *Hecker*, 556 F.3d at 588 (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008)).

## III. DISCUSSION

The Defendants set forth two reasons for moving to partially dismiss the Amended Complaint. They first assert that Ryan failed to state sufficient facts to support state law claims of false arrest, defamation, negligence, and wrongful termination. They also allege that Ryan's defamation and negligence claims are barred by the Indiana Tort Claims Act. (Filing No. 22.)

### A.  Motion to Dismiss Pursuant to 12(b)(6)

The Defendants argue that Ryan has alleged no operative facts to support claims of false arrest, defamation, negligence, and wrongful termination. Relying on *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999), Ryan contends that "contrary to Defendants' assertions, a plaintiff need not spell out every element of a legal theory, to provide notice of his claim" and he argues that he has sufficiently pled each claim. In the Amended Complaint, Ryan states only the following three legal claims:

> 45.  Duncan terminated Ryan's employment on the basis of his race, in violation of the Equal Protection Clause of the Fourteenth Amendment.
>
> 46.  In order to justify the termination, Duncan procured Ryan's arrest by falsely informing MCSO that he had never given Ryan police powers. The procurement of Ryan's arrest violates the Fourth Amendment.
>
> 47.  Duncan's actions constitute false arrest, malicious prosecution, defamation, negligence, wrongful termination, and intentional infliction of emotional distress under Indiana law.

(Filing No. 15 at 4). However, Ryan does not provide any additional facts regarding these claims. While "detailed factual allegations" are not required to overcome a Rule 12(b)(6) motion, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555. Without additional facts, Ryan's allegations against the Defendants amount only to legal conclusions. The Court will address each claim in turn.

### 1. False Arrest

Indiana law defines an arrest as "the taking of a person into custody, that he may be held to answer for a crime." *See* Ind. Code § 35–33–1–5. Moreover, a false arrest requires the absence of probable cause. *Row v. Holt*, 864 N.E.2d 1011, 1016 (Ind. 2007). Probable cause for arrest is established by facts and circumstances encountered by the *arresting officer* that would warrant a reasonable person to believe that the accused had committed or was committing a criminal offense. *Id.* at 1017 (citing *Earles v. Perkins,* 788 N.E.2d 1260, 1265 (Ind. Ct.App.2003)). An investigatory stop does not constitute an arrest under the Indiana definition of arrest. *James v. State,* 622 N.E.2d 1303, 1307 (Ind.Ct.App.1993).

The Defendants argue that the investigatory stop by MCSD does not constitute an arrest under the Indiana definition of arrest, and therefore the false arrest claim must fail. They further argue that even if the two hour detainment were considered an arrest, it is undisputed that Ryan was detained by MCSD deputies, not Duncan. Relying on *Piggie v. Riggle*, 548 F. Supp.2d 652 (N.D. Ind. 2008), and *Acevedo v. Canterbury*, 457 F.3d 72 (7th Cir. 2006), Ryan responded to the Motion explaining that "personal involvement or responsibility in the deprivation is a necessary element for liability but it does not require direct participation" (Filing No. 31 at 7). Ryan asserts that although Duncan did not physically detain him, the direct cause of his detainment was false information provided by Duncan. However, *Piggie* and *Acevedo* deal only with false arrest claims under the Fourth Amendment, rather than Indiana state law. The partial motion to dismiss seeks only to dismiss the false arrest claim under Indiana law. Defendants do not seek dismissal of Ryan's constitutional claim under the Fourth Amendment. Ryan has not presented any evidence that a person, other than the arresting officer, who is indirectly involved may be held liable for false arrest under Indiana state law. Without more, Ryan has not sufficiently pled a false arrest

claim against the Defendants. Accordingly, the motion to dismiss Ryan's false arrest claim is **GRANTED**.

### 2. Defamation

The Defendants move to dismiss Ryan's defamation claim, contending that Ryan failed to reference an alleged defamatory statement. They additionally argue that Ryan failed to assert that Duncan acted with malice in making the alleged defamatory statement, that Duncan published the alleged statement, or that Ryan suffered damages as a result of the alleged statement.

To maintain an action for defamation, a plaintiff must prove four elements: "(1) a communication with a defamatory imputation; (2) malice; (3) publication; and (4) damages." *Kelly v. Tanoos*, 865 N.E.2d 593, 596-97 (Ind. 2007). The Amended Complaint does not provide a specific defamatory statement made by Duncan. Ryan claims only that Duncan's actions amount to defamation. It is necessary for a plaintiff to include the alleged defamatory statement in the complaint, because without it the "court is handicapped." *Trail v. Boys & Girls Clubs of Nw. Indiana*, 845 N.E.2d 130, 136-37 (Ind. 2006). Even if the Court were to draw a reasonable inference that the defamatory statement that Ryan refers to is Duncan falsely informing MCSD that Ryan did not have police powers, Ryan's defamation claim still fails because the Amended Complaint does not provide any evidence that Duncan acted with malice when making the statement. Accordingly, the Defendants motion to dismiss the defamation claim is **GRANTED**.

### 3. Negligence

The Defendants also seek dismissal of Ryan's negligence claim, asserting that Ryan failed to allege facts to support a negligence cause of action. To prevail on a negligence claim, a plaintiff must show: (1) a duty owed to the plaintiff by the defendant; (2) a breach of duty; and (3) a compensable injury proximately caused by defendant's breach of duty. *King v. Northeast Security,*

*Inc.*, 790 N.E.2d 474, 484 (Ind. 2003). A complaint is rendered insufficient when any of these elements are absent. *Brown v. Metro. Sch. Dist. of Lawrence Twp.,* 945 F. Supp. 1202, 1208 (S.D. Ind. 1996) (citing *Lynch v. Holy Name Church*, 179 N.E.2d 754, 757(1962)). Whether a defendant owes a duty to a plaintiff is a question of law. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind. 1992). "Absent a duty, there can be no breach and no recovery under a negligence theory." *Id.*

In the Amended Complaint, Ryan does not specifically state what duty was breached nor does he explain how Duncan is the proximate cause of his damages. Negligence may not be inferred, absent specific factual evidence. *Hayden*, 731 N.E.2d at 458. Even if the Court infers that Duncan owed Ryan a duty and proximately caused his damages, Ryan failed to specifically allege that Duncan breached a duty owed. Whether a breach of duty exists is generally a question of fact, and may only be a question of law if the facts are undisputed and a single inference can be drawn. *Stephenson*, 596 N.E.2d at 1371. Here, because no facts were alleged in the Amended Complaint, an inference may not be drawn. Without any factual evidence, Ryan is unable to fulfill the requirements for a negligence cause of action and the motion to dismiss the negligence claim is **GRANTED**.

    **4.** **Wrongful Termination**

Defendants move to dismiss Ryan's wrongful termination claim, asserting that Ryan is an at-will employee and that he failed to allege any exceptions to Indiana's employment-at-will doctrine. Under Indiana law, if a contract does not exist, "employment may be terminated by either party at will, with or without cause." *Harris v. Brewer*, 49 N.E.3d 632, 639 (Ind. Ct. App. 2015). There are three exceptions to the employment-at-will doctrine: (1) if an employee establishes that "adequate independent consideration" supports the employment contract; (2) if a

clear statutory expression of a right or duty is contravened; and (3) if the doctrine of promissory estoppel applies. *Id.* at 640 (citing *Orr v. Westminster Vill. N., Inc.*, 689 N.E.2d 712, 718 (Ind. 1997)).

Ryan asserts that the Defendants wrongfully terminated him, however, he does not allege that he was under an employment contract. Additionally, he does not argue an exception under the at-will doctrine. Ryan contends only that Duncan terminated him because of his race in violation of the Equal Protection Clause of the Fourteenth Amendment, which is not at issue in this Motion.

In response to the Motion to Dismiss, Ryan argues that he was "discharged for exercising his statutorily conferred right to function as a sworn police officer." However, this claim cannot be reasonably inferred from the Amended Complaint. To be facially plausible, the Amended Complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although Ryan may allege additional facts in his response brief, the Court does not consider new or inconsistent facts or claims that are not raised in the Amended Complaint. *See Noland v. Horseshoe Hammond, Inc.*, No. CIV. 2:06CV245, 2007 WL 4218959, at *3 (N.D. Ind. Nov. 29, 2007); *Sterling v. Kazmierczak*, 983 F. Supp. 1186, 1189 (N.D. Ill. 1997) (citing *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997).

Accordingly, the motion to dismiss Ryan's wrongful termination claim is **GRANTED**.

    **5.**    **Motion to Dismiss Pursuant to Indiana Tort Claims Act**

In the alternative, the Defendants argue that Ryan's defamation and negligence claims are barred by the Indiana Tort Claims Act ("ITCA"). Under the "law enforcement immunity" provision of ITCA, a governmental employee "acting within the scope of the employee's

8

employment is not liable if a loss results from the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations)… unless the act of enforcement constitutes false arrest or false imprisonment." Ind. Code § 34-13-3-3(8). Indiana courts define the term "enforcement" under the statute as activities where government employees "compel or attempt to compel the obedience of another to laws, rules or regulations, or sanction or attempt to sanction a violation thereof." *Struck v. Town of Fishers, Ind.,* 2013 WL 1149718, at *3 (S.D. Ind. Mar. 19, 2013) (citing *Miller v. City of Anderson,* 777 N.E.2d 1100, 1104 (Ind.Ct.App.2002)).

Ryan does not dispute that Duncan, as the elected Center Township Constable is a sworn law enforcement officer and a governmental employee. Ryan alleges claims of negligence and defamation against Duncan. The Court draws the inference that Ryan's claims derive from Duncan falsely informing MCSD that Ryan did not have police powers. Defendants, relying on *Laney v. Bowles*, No. 2:11-CV-318, 2012 WL 3961210, at *2 (N.D. Ind. Sept. 10, 2012) and *Chapman v. Indiana*, 2014 WL 1831161, *4 (N.D. Ind. 2014), assert that Ryan's claims are barred by the "law enforcement immunity" provision under ITCA, because Indiana courts have determined that law enforcement officers are immune from defamation and negligence claims under ITCA.

In response, Ryan contends that the "law enforcement immunity" provision does not apply because Duncan did not act as a law enforcement officer when making the statement to the sheriffs, but was merely following the law. The immunity "does not include compliance with or following of laws, rules, or regulations by a governmental unit or its employees" and is restricted to the adoption and enforcement of laws "that fall[] within the scope of the entity's purpose or operational power…" *Stillwater of Crown Point Homeowner's Ass'n, Inc. v. Kovich*, 865 F. Supp. 2d 922, 935-36 (N.D. Ind. 2011) (quoting *St. Joseph Cty. Police Dep't v. Shumaker*, 812 N.E.2d 1142, 1150 (Ind. Ct. App. 2004).

9

Despite Ryan's argument in response to the Motion, Duncan was not merely following the law but was acting within the scope of his purpose as the elected Center Township Constable. The Amended Complaint makes clear that in the course of their investigation into alleged criminal activity, the MCSD telephoned Duncan. Upon receiving the telephone call, Duncan informed the MCSD that Ryan did not have police powers. Indiana law regards "reporting," even if the report is false, as "participating in discretionary and law enforcement activities. *See Laney*, 2012 WL 3961210, at *2 (citing *Bodor v. Town of Lowell*, No. 2:05-CV-268, 2007 WL 1035085, *10 (N.D. Ind. March 28, 2007)). Accordingly, the Court determines that Duncan's actions fall within the scope of his duties as a law enforcement officer and/or a governmental employee, he is shielded from Ryan's defamation and negligence claims under ITCA.

## IV.  CONCLUSION

For the foregoing reasons, the Center Township Constable's Office and Duncan's Partial Motion to Dismiss ([Filing No. 22](Filing No. 22)) is **GRANTED** and the state law claims of false arrest, defamation, negligence, and wrongful termination are **dismissed** from this action. No partial judgment shall issue.

SO ORDERED.

Date:  9/2/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jeffrey S. McQuary
BROWN TOMPKINS LORY
jmcquary@btlmlaw.com

Stephen Elliot Reynolds
ICE MILLER LLP
stephen.reynolds@icemiller.com

Charles Ellis Bush, II
ICE MILLER
charles.bush@icemiller.com

Wayne O. Adams, III
ICE MILLER LLP
wayne.adams@icemiller.com